IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRK MACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 4:25-CV-00676 |
| GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

COMES NOW, KIRK MACKEY, by and through the undersigned counsel, and files this, his Second Amended Complaint against Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2. Plaintiff, KIRK MACKEY (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas, (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Second Amended Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7. Defendant, GG PROPERTIES, LLC (hereinafter "GG PROPERTIES, LLC") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, GG PROPERTIES, LLC, may be properly served with process via its Registered Agent, to wit: c/o Garza Management Corp., Registered Agent, c/o Joel S. Garza, Registered for Garza Management Corp., 7615 Tiburon Trail, Sugar Land, TX 77479.

9. Defendant, SFG SDI III, LLC (hereinafter "SFG SDI III, LLC") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10. Defendant, SFG SDI III, LLC, may be properly served with process via its Registered Agent, to wit: c/o Corporation Service Company, d/b/a CSC Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, TX 78701.

11. Defendant, SFG SDI 1127, LLC (hereinafter "SFG SDI 1127, LLC") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

12. Defendant, SFG SDI 1127, LLC, may be properly served with process via its Registered Agent, to wit: c/o Corporation Service Company, d/b/a CSC Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL ALLEGATIONS

13. On or about June 23, 2024, Plaintiff was a customer at "Sonic," a business located at 1100 Blalock Road, Houston, TX 77055, referenced herein as "Sonic". Attached is a receipt documenting Plaintiff's purchase as Exhibit 1. Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

14. On or about January 18, 2025, Plaintiff travelled to the Property with the intention of purchasing food, however, when confronted with the barriers to access that were present at the Property, which triggered memories of the dangerous and difficult conditions he experienced in the past at that Property, Plaintiff was dissuaded from attempting to patronize Sonic.

15. Defendant, GG PROPERTIES, LLC, is the owner or co-owner of the real property and improvements that Sonic is situated upon and that is the subject of this action, referenced herein as the "Property."

16. Defendant, GG PROPERTIES LLC as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property.

Even if there is a lease between Defendant, GG PROPERTIES LLC and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's independent requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. *See* 28 CFR § 36.201(b).

17. Defendants, SFG SDI III, LLC and SFG SDI 1127, LLC, are the lessees or sublessees of the real property and improvements that Sonic is situated upon and is the subject of this action.

18. Plaintiff lives only 5 miles from the Property.

19. Given the close vicinity of the Property to Plaintiff's residence, Plaintiff travels by the Property at least once a month, probably more.

20. Plaintiff's access to the Sonic located 1100 Blalock Road, Houston, TX 77055, Harris County Property Appraiser's property identification number 1184230010001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Second Amended Complaint.

21. Plaintiff has visited the Property twice before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months after the barriers to access detailed in this Second Amended Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer, to determine if and when the Property is

made accessible and for Advocacy Purposes.

22. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

23. Plaintiff travelled to the Property twice as a customer and as an independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Second Amended Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

24. Although Plaintiff might not have personally encounter each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the Complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit. As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

25. Plaintiff's inability to fully access the Property and the stores within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services

offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I

## VIOLATIONS OF THE ADA AND ADAAG

26. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

27. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

28. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

29. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

30. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

31. The Property is a public accommodation and service establishment.

32. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

33. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

34. The Property must be, but is not, in compliance with the ADA and ADAAG.

35. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled,

but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Second Amended Complaint.

36. Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Second Amended Complaint.

37. Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

38. Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons

with disabilities.

39. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Second Amended Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

i. On the north side of the Property, the accessible parking space and associated access aisle have a running slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as Plaintiff's wheelchair may roll down the slope while entering or exiting the vehicle.

ii. On the north side of the Property, the Property lacks an accessible route from the accessible parking space to the accessible entrance and eating areas of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

iii. On the north side of the Property, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

iv. There is a vertical rise at the top of the accessible ramp (closest to the northern accessible parking space) that is approximately an inch, in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property when using this accessible ramp as vertical rises on ramps are particularly dangerous as the surface of the ramp is already at a significant slope which increases the likelihood of the wheelchair to tip over due to the vertical rise. The danger of this barrier to access is amplified by the fact the ramp leads from the vehicular way, so, if Plaintiff tipped over he could get struck and run over by a vehicle.

v. There is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards. If Plaintiff were to eat at the Property in the future, this barrier to access would prevent Plaintiff from using the dining surfaces currently present as Plaintiff's own feet would block Plaintiff's ability to access the dining surfaces.

vi. Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route leading to the order counter, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section

403.5.1 of the 2010 ADAAG Standards. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

vii. Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route leading to the order counter as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

viii. In the rear of the Property, the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as Plaintiff's wheelchair may roll down the slope while entering or exiting the vehicle.

ix. In the rear of the Property, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

x. In the rear of the Property, due to the presence of a curb in the access aisle, the access aisle is in violation of Section 502.4 of the 2010 ADAAG Standards.

This barrier to access would make it difficult for Plaintiff to access the units of the Property.

xi. Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

40. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

41. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

42. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

43. All of the violations alleged herein are readily achievable to modify, as the modifications necessary to bring the Property into compliance with the ADA are listed within 28 C.F.R. § 36.304 as per se readily achievable.

44. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

45. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, GG PROPERTIES, LLC, have the financial resources to make the necessary modifications. According to the Property Appraiser, the appraised value of the property is $960,000.00.

46. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, SFG SDI

III, LLC and SFG SDI 1127, LLC, have the financial resources to make the necessary modifications as they operate one of 3521 Sonic Restaurants which collectively have an annual revenue of over $5.5 billion, according to the Franchise Times.

47. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

48. Upon information and good faith belief, the Property has been altered since 2010.

49. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

50. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

51. Plaintiff's requested relief serves the public interest.

52. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC.

53. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

54. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, GG PROPERTIES, LLC, SFG SDI III, LLC and SFG SDI 1127, LLC, to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: June 19, 2025

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com